### GREENFIELD v. WELLS FARGO & CO.

(Supreme Court, Appellate Term. May 18, 1911.)

APPEAL AND ERROR (§ 1003*)—REVIEW—EVIDENCE.

    The issue being the identity of an article, and plaintiff's testimony being positive and direct, and defendant's so indefinite and uncertain as to be practically of no probative force, judgment for defendant must be reversed.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1003.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Greenfield against Wells Fargo & Co. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morris & Samuel Meyers, for appellant.
Alexander & Green, for respondent.

PER CURIAM. The defendant received from the plaintiff two bundles and one trunk for shipment to Spring Valley, N. Y. One bundle never reached its destination, and this action was brought to recover the value of its contents. The defendant's claim is that after the shipment the bundle was found in one of its offices, with the address tag missing, and that it was subsequently tendered to the plaintiff, who refused to receive it. The proof showed that about one year after the shipment a bundle was taken to plaintiff's house by the defendant's agent, but upon opening it the plaintiff's wife, who had packed and shipped it, declared that it was not the one, and that the goods therein were not the plaintiff's. The testimony on the part of the plaintiff was positive and direct upon this point, and that of the defendant as to the identity of the bundle and its contents is so indefinite and uncertain as to be practically of no probative force, and the judgment in favor of the defendant must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.